UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LYNN A. ROYAL and RAYMOND R. LABBE, in their capacities as permanent guardians of David W. Labbe, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 14-cv-11833-IT |
| MASSACHUSETTS DEPARTMENT OF DEVELOPMENTAL SERVICES, et al., | * * * * | |
| Defendants. | | |

ORDER

April 15, 2015

TALWANI, D.J.

On March 20, 2015 Attorney Thomas J. Frain and Frain and Associates (hereinafter "Frain") filed a Motion to Intervene [#75], seeking to intervene in this action and to file a Notice of Attorney's Lien ("Notice") [#77] pursuant to Mass. Gen. Laws ch. 221, § 50. In response to this filing, on March 27, 2015, Plaintiff Lynn A. Royal filed a Motion to Appoint Counsel [#80] and Motion to Stay Defendant's Motion for Intervention and Notice of Lien [#80].

As this court explained in connection with Royal's previous request for appointment of counsel, "[i]n determining whether to request an attorney to represent a person unable to afford counsel in a civil case, the court considers whether the requesting party is indigent and whether exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging upon the party's due process rights." Order [#62]. Plaintiff again has not demonstrated that she is indigent or that such exceptional circumstances exist. Accordingly, the court DENIES the Motion to Appoint Counsel [#80].

Federal Rule of Civil Procedure 24(c) provides that a motion to intervene must not only state the grounds for intervention, but must also "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Here, Frain included only the Notice of Attorney's Lien.

Mass. Gen. Laws ch. 221, § 50 provides that "[f]rom the authorized commencement of an action . . . the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action . . . upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom." The Supreme Judicial Court has elaborated, however, that an "appearance without a right to recover fees from the client directly does not support a lien against the proceeds of the client's recovery." Boswell v. Zephyr Lines, 606 N.E.2d 1336, 1341–42 (Mass. 1993). Accordingly, "an attorney must establish a substantive contractual or quantum meruit basis to recover fees from the client as a predicate to filing a lien." Id. at 1342.

There is no dispute that Frain appeared in this action. He reports that he spent considerable time on the matter and that "Plaintiffs owe [Frain] payment for outstanding legal fees arising out of the litigation." Mot. Intervene, 2 [#75]. Frain's Motion to Intervene and Notice of Attorney's Lien fall short of establishing, however, a substantive contractual or quantum meruit basis to recover fees.

Accordingly, Frain's Motion to Intervene [#75] is DENIED without prejudice and the Notice of Attorney's Lien is STRICKEN. Frain may refile said motion with a pleading setting forth the asserted basis for his claim to fees, and he may refile the Notice of Attorney's Lien only after establishing a substantive contractual or quantum meruit basis to recover such fees.

In light of the above determinations, the court DENIES Plaintiff Royal's <u>Motion to Stay Defendant's Motion for Intervention and Notice of Lien</u> [#80] as moot.

IT IS SO ORDERED.

Date:  April 15, 2015                                             <u>/s/ Indira Talwani          </u>
                                                                  United States District Judge